UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan L. Booker,<br><br>        Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | CV12-0133-TUC-CKJ (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 by Bryan L. Booker. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.  BACKGROUND**

As summarized by the Arizona Court of Appeals, the facts giving rise to this

1

case are as follows:

> In 1997, Booker and a passenger drove to a convenience store. While there, Booker had an argument with the victim. Booker returned to the car, reached for something under the seat, then got into the car and shut the door. He backed the car out of the parking space, stopped for approximately fifteen seconds, and slowly drove toward where the victim was standing. As he neared the victim, Booker stopped the car. Five gunshots were fired from the car's passenger window, one of which struck and killed the victim. One witness testified that she had seen Booker fire the shots.

*Answer*, Ex. N, p. 2.

Following a jury trial, Booker was convicted first-degree murder and drive-by shooting in January 1998. *Answer*, Ex. A. Booker was sentenced to concurrent terms of life imprisonment for the first-degree murder and 10.5 years for the drive-by shooting. *Id*., Ex. G., p. 2. Concluding that certain jury instructions and evidentiary rulings were improper, the Arizona Court of Appeals reversed Booker's convictions and remanded for a new trial. *Id*., Ex. G.

Booker was retried and in October 2000 was again found guilty of first-degree murder and drive-by shooting. *Id*., Ex. H. The trial court again sentenced Booker to a term of life imprisonment for the first-degree murder and to a concurrent 10.5-year term for the drive-by shooting charge. *Id*., Ex. I. The trial court enhanced both sentences pursuant to the former A.R.S. § 13-604(R). *Id*.

Booker again appealed his conviction. *Id*., Exs. J, K, L, and M (briefs). In a published opinion filed of September 12, 2002, the Court of Appeals affirmed Booker's convictions and his pre-enhancement sentences, but found that Booker was "constitutionally entitled to have a jury determine his release status for sentence

1  enhancement purposes," vacated the sentence enhancements and remanded on that
2  issue. *Id.*, Ex. N, p. 2.

3  Booker then petitioned the Arizona Supreme Court for review and the State
4  filed a cross-petition for review. *Id.,* Exs. O and P.  On April 22, 2003, the Supreme
5  Court denied both petitions, but ordered the Court of Appeals' Opinion not be
6  published and remanded the case for reconsideration in light of *State v. Thompson*,
7  204 Ariz. 471, 65 P.3d 420 (2003).  *Answer.*, Ex. Q.  The parties submitted
8  supplemental briefs to the Court of Appeals.  *Id.*, Exs. R and S.  On February 23,
9  2005, the Court of Appeals issued a Supplemental Memorandum Decision, again
10 affirming Booker's convictions and pre-enhanced sentences and again vacating his
11 sentence enhancements.  *Id.*, Ex. T.  Booker filed a petition for review with the
12 Arizona Supreme Court, which was denied on September 29, 2005.  *Id.*, Exs. U and
13 V.  On February 1, 2006, the trial court, after Booker waived his right to a jury trial
14 on the sentencing enhancements, determined Booker was on release status and
15 resentenced him to the same terms of imprisonment and sentence enhancements.  *Id.*,
16 Ex. W.

17 On November 25, 2005, Booker filed a notice for post-conviction relief
18 ("PCR") pursuant to Rule 32, Arizona Rules of Criminal Procedure.  *Id.*, Ex. X.  The
19 trial court appointed counsel and ordered that the PCR petition be filed within 60
20 days of counsel's receipt of the record.  *Id.*, Ex. Y.  After Booker's counsel filed a
21 notice that he could find no meritorious issues to raise in a PCR petition, *id.*, Ex. Z,
22 the trial court ordered that Booker have until January 16, 2007, to file a PCR petition

1  *pro se*. *Id*., Ex. AA. After granting several extensions to the deadline, the trial court
2  ordered that the PCR petition be filed no later than July 3, 2007, or it would be
3  dismissed. *Id*., Ex. BB (Order dated June 4, 2007). On July 5, 2007, through an
4  attorney, Booker filed a "Notice and Status Report" describing difficulties in
5  retaining counsel and requesting that the PCR proceeding be "dismissed without
6  prejudice." *Id*., Ex. CC. That same day, the trial court dismissed the Rule 32
7  proceedings without prejudice. *Id*., Ex. DD.

8        On February 24, 2009, Booker filed another PCR notice. *Id*., Ex. EE. On
9  February 26, 2009, the trial court dismissed the notice as untimely. *Id*., Ex. FF.
10 However, upon Booker's motion to file a delayed notice, the trial court allowed him
11 to file a delayed PCR petition by July 28, 2009. *Id*., Exs. GG and HH. Booker then
12 timely filed a Rule 32 petition. *Id*., Ex. II. The trial court, finding no material issues
13 of fact or law, dismissed the petition by Ruling filed October 29, 2009. *Id*., Ex. KK.
14 Booker filed a petition for review by the Arizona Court of Appeals. *Id*., Ex. LL. By
15 Memorandum Decision filed on April 14, 2010, the Court of Appeals granted review,
16 but denied relief. *Id*., Ex. MM. Booker did not seek review by the Arizona Supreme
17 Court. *Id*., Ex. NN.

18       On August 12, 2010, Booker filed a "Motion To Request The Court To
19 Suspend Filing Time Frames" in District of Arizona case CV 10-1730-PHX-GMS
20 (ECV). The court denied the request and dismissed the case for lack of jurisdiction.
21 *Booker v. Ryan*, CV 10-1730-PHX-GMS (ECV), Doc. 3.

22

On January 4, 2011, Booker filed another notice and Rule 32 petition. *Answer*, Exs. OO and PP. The trial court, finding that the petition amounted to a "re-packaging" of claims previously raised and concluding that any new claims did not meet any exception available under Rule 32, dismissed the petition. *Id*., Ex. QQ. Booker filed a petition for review with the Arizona Court of Appeals. *Id*., Ex. RR. By Memorandum Decision filed on May 20, 2011, the Court of Appeals granted review but denied relief. *Id*., Ex. SS. Review by the Arizona Supreme Court was then sought and denied November 9, 2011. *Id*., Exs. TT and UU.

The Certificate of Service attached to the instant petition reflects that Booker mailed the petition on February 22, 2012, for filing with the Clerk of the Court, and that the petition was actually filed on February 24, 2012. (Doc. 1.)

## II.     LEGAL DISCUSSION

### A.     The Petition is untimely.

#### 1.     Booker did not satisfy the AEDPA statute of limitations.

The Respondents contend that Booker's petition is untimely. The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitions filed beyond the one-year limitations period must be dismissed. *Id.*

The one-year statute of limitations on habeas corpus petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §

2244(d)(1)(A).  In Arizona, the opportunity for direct review includes post-conviction relief proceedings filed under Rule 32, Ariz.R.Crim.P.  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).  The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

In this case, the Arizona Court of Appeals issued its supplemental memorandum decision denying Booker's appeal on February 23, 2005.  *Answer*, Ex. T.  On February 1, 2006, the trial court resentenced Booker in accord with the Arizona Court of Appeals decision.  "Final judgment in a criminal case means sentence.  The sentence is the judgment."  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937).  Accordingly, Booker's limitations period was set to commence after he was sentenced and the time for seeking appeal expired.  *Burton*, 549 U.S. at 156-57 (AEDPA statute of limitations begins to run after entry of an amended judgment following resentencing).

However, at the time Booker was sentenced, he had already filed a PCR notice pursuant to Rule 32, Arizona Rules of Criminal Procedure.  *Id*., Ex. X.  Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review."  Due to Booker's failure to file a petition in support of his PCR efforts, on July 5, 2007, the trial court dismissed the Rule 32 proceedings.  *Id*., Ex. DD.  As of that date, there was no

properly filed post-conviction proceeding pending. As such, the one-year limitations period began to run the next day and expired one year later, on July 5, 2008. The instant petition, filed in February 2012, is therefore untimely.[1]

### 2. Petitioner is not entitled to equitable tolling.

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, it is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). "Indeed, 'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

In his Reply, Booker admits that his petition is untimely and recognizes there are no extraordinary circumstances that excuse the tardy filing. Instead, Booker argues he is actually innocent and his untimely filing should therefore be excused.

### B. Booker has not established actual innocence.

---

[1] Although, on February 24, 2009, Booker filed another PCR notice, *Answer*, Ex. EE, the limitations period had already expired. The reinitiation of state court proceedings after the limitations period has expired does not serve to reinitiate the AEDPA limitations period. *Pace*, 544 U.S. at 410, 417 (holding that untimely state post-conviction petition is not "properly filed" within the meaning of § 2244(d)(2)); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2001).

In *McQuiggin v. Perkins*, 569 U.S. ---, 133 S.Ct. 1924 (2013), the Supreme Court held that actual innocence, "if proved," serves as an exception to the AEDPA statute of limitations. 133 S.Ct. at 1928. However, the Court noted that tenable claims of actual innocence are rare and require a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." 133 S.Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Booker's actual innocence claim does not satisfy this standard. Booker bases his claim of actual innocence on the trial court's alleged failure to properly instruct the jury on premeditation and because the jury would not have convicted him if evidence of the victims' "challenging" and "disrespectful" conduct had been introduced. To the extent that these claims allege legal defects in his conviction, they do not support a claim of actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency.").

Additionally, actual innocence claims are available to allow the court to look at new evidence "that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28. Booker's first argument—that the jury was not properly instructed – is purely legal and does not involve evidence that was either not available or not presented at trial. His second argument—that the victim was disrespectful—is evidentiary in nature. However, that evidence was available at the time of trial and it was a strategic decision by Booker's counsel to introduce it because it would have "opened the door to gang evidence" and "testimony relating to gang behavior."

*Answer*, Ex. KK, p. 6.  The evidence does nothing to support actual innocence. Rather, it is offered in an attempt to diminish, but not absolve, Booker's culpability in the murder.  It does not, however, cause the Court to believe that, if the evidence had been offered at trial, it is more likely than not that no reasonable juror would have convicted Booker.  As such, Booker's claim of actual innocence does not save the petition from dismissal based on its untimely filing.

## III.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **recommends** that the District Court, after its independent review, **dismiss with prejudice** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number:  **12-CV-00133-TUC-CKJ**.  No replies shall be filed without leave to do so from the District Court.

Dated this 23rd day of July, 2013.

Jacqueline M. Rateau
United States Magistrate Judge